NO. 7377

J. M. GOUGHT

[illegible]

STEVE DASARO.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS.

7377

244

# OPINION.

St. Paul, Judge.

Appellee moved to dismiss this appeal on the ground that the transcript does not contain the evidence upon which the case was tried. This however was but a mere suggestion, unsupported by affidavit or evidence, whilst the certificate of the clerk recites that the transcript "includes all the pleadings, evidence and documents in the matter."

Thus stood the matter when the motion to dismiss was filed and we might well allow it to take the course pointed out in Chopin Vs Wilson, 27 An 444, wherein it was held that the appellant might rely upon the clerk's certificate, taking his chances upon the sufficiency of the transcript for his own purposes, as if for instance he relied solely upon a point of law (See Succ of Pilcher, 39 An 362); and if the appellee deemed the transcript insufficient for his purpose it behooved him to direct the attention of the court to such fact, not for the purpose of dismissing the appeal, but in order to have the transcript completed.

Such is now the law of this State, and made so by statute (Act 229 ¼ of 1910; Quaker Realty Co vs Posey, 130 La 942) although no such statute was needed for that particular purpose. See 27 An 444; Childress vs Allen, 15 La 500; Trudeau vs R. R. Co, 15 An 717; Baltimore vs Parlange, 25 An 335; Borde vs Erskine, 29 An 822.

The last two cases hold that it is not even necessary to resort to the roundabout method of a certiorari, but it suffices for either party, upon discovering a lapse in the transcript, to bring up the necessary portions of the record and have them filed with the transcript, even after the submission if the lapse be not noticed until then.

In the case before us the appellant has, since the motion to dismiss was made, produced and filed with us the missing evidence.

It is true that the Supreme Court has again and again held that the dismissal of an appeal might be the consequence of bringing up an incomplete transcript; but if we look closely we will find that in general a dismissal for such cause has followed only when after an examination of the case the court was satisfied that the appeal was

245

without merit, and any other course would amount to a denial of justice. But where it seemed that the appeal had some appearance of merit, but the case could not be decided because of defects in the transcript, the appellant has almost always been allowed to supplement the transcript; or when that could not be done, the court in order to prevent a miscarriage of justice, has even reversed the judgment and remanded the case for a new trial in order that the appellant might secure a proper record and bring up a perfect transcript.

The fact of the matter is that the law favors appeals, and courts will not deny a right so important unless there be clearly no other course left.

Motion Denied.